# John C. Sheppard, et al., plaintiffs in error, *vs.* John Wilson, defendant in error.

### *Error to Scott.*

Where a judgment was rendered *nunc pro tunc* on a motion for a new trial, which had been taken under advisement, bearing date at a time when the court was not in session, it was properly regarded as a nullity, and the court when regularly in session subsequently, was authorized to enter up a judgment upon the verdict previously rendered, *without regard to a writ of error*, which had been sued out upon the first illegal and void judgment.

The only point considered in this case is contained in the opinion of the court.

GRANT & MITCHELL, for plaintiff in error.

COOK & LEARNED, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The record in this case shows that at the October term of 1841 a verdict was rendered against the plaintiffs in error for $1,837,50 and thereupon they filed a motion for a new trial. After argument on this motion the court took the same under advisement.

Afterwards under the date of April 12th, 1842, the following entry appears: " And now come the parties by their attorneys, and the defendants move for judgment on the motion for a new trial made and argued at the last term of this court in this cause and held under advisement until the present term. It is considered by the court that said defendants take nothing by their said motion. And thereupon the plaintiff moves the court for judgment upon the verdict rendered by the jurors aforesaid at the last term of the court in this cause. It is therefore considered by the court that the plaintiff recover of the defendants, &c.," (completing the regular entry of judgment.)

On this judgment a writ of error was sued out, dated September 26th, 1842. This writ of error was allowed for probable cause but no bond was filed in pursuance of the statute so far as appears by the record, nor is there any thing to show when the writ of error was served—or whether it was ever served—except from the return of the clerk of the District Court of Scott county, dated December 28th, 1843, merely certifying up a transcript of the record.

Under the date of October 7th 1842, the following entry is found on the record: " This day came the said plaintiff, by his attorneys, and it appearing to the court that at a previous term of this caurt, to wit, the October term 1841, the issue previously joined in this cause was submitted to a jury, who after hearing the evidence and arguments of counsel, returned into court the following verdict, to wit: They find the issue for the plaintiff and assess his damages at the sum of $1,837,50. Whereupon a motion was made by the attorney for the defendants for a new trial herein, which motion was at said October term taken under advisement by the court. And it further appearing to the court, that this court has not at any time since decided said motion, but that said motion was continued under advisement, until the present term, that the order of continuance at last term was not entered of record, it is therefore ruled that said order of continuance be entered *nunc pro tunc.* And the court now having fully considered the said motion for a new trial, doth overrule the same. And it is further considered by the court that the plaintiff have and recover, &c.," (completing the entry of judgment in the usual form.)

The record therefore shows a regular judgment, a writ of error taken thereon, and subsequently another regular judgment. But a reference to the statute and the almanac will show that the judgment of April 12th was not entered up during the time prescribed by law, for the session of the court in Scott county. The court in that year commenced in Scott

county on the 4th and in Clinton county in the same district, on the 11th of April. Of course this judgment was entered up in Scott county on the 2d day of the session in Clinton county.

The decision of this case depends upon the effect that is given to such a judgment. If it is a nullity it was certainly proper for the court, when regularly in session to disregard it altogether (as appears to have been done) and to enter up a judgment then without reference to the former one, or to the writ of error that had been sued out thereon. Such we consider is the proper light in which to regard it.

The 9th section of the organic act, provides for holding District Courts " at such times and places as may be prescribed by law." It can only act in Scott county in the entering up of judgments, while it is by law authorized to be in sesssion in that county, and it can only be in session in one place at a time in the same district. The first judgment therefore in Scott county was wholly unauthorized and nugatory. The second was consequently regular and should be affirmed, which is accordingly done.